

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Horace B. Sessions     Opinion No. O-6252
Securities Commissioner    Re: Whether the Administrator of the
Secretary of State         Securities Division of the Office of
Austin, Texas              the Secretary of State is authorized
                             or permitted under the Real Estate
                             Dealers License Act to require each
                             and every applicant for a license as a
                             real estate dealer or salesman to take
                             an examination in order to determine
Dear Sir:                   the competency of such applicant.

        Your letter of September 29, 1944, requesting the
opinion of this department on the questions stated therein is
in part as follows:

> "This Division has been presented with the ques-
> tion of whether or not the Administrator of the Se-
> curities Division is authorized or permitted under
> the Real Estate Dealers License Act - Title 113-A,
> Article 6573a of the Revised Civil Statutes - to re-
> quire that each and every applicant for a license as
> a real estate dealer or salesman take an examination
> in order to determine the competency of such applicant.

> "This question arises under Sections 8 and9 of
> the Act.

> "Section 8 requires that

> "'Application for a real estate dealer's or real
> estate salesman's license shall contain such other in-
> formation as to the applicant, in addition to the
> above described, as the Administrator of the Securities
> Division of the office of the Secretary of State shall
> require. The Administrator of the Securities Division
> of the office of the Secretary of State may require
> such other proof through the application or otherwise
> as its officers shall deem desirable with due regard to
> the paramount interest of the public as to the honesty,
> truthfulness, integrity, and competency of the appli-
> cant.'

> "Section 9 provides that

"'If the Administrator of the Securities Division of the office of the Secretary of State is satisfied that the applicant for real estate dealer's or real estate salesman's license is of good business repute and that the business will be conducted in an honest, fair, just, and equitable manner, <u>and upon complying with all other provisions of the law and conditions of this Act</u>, a license shall thereupon be granted by the Administrator . . .'

"The underlined wording above is the basis of the proposition presented to this office that the Administrator is authorized under the statute as it is now written to require an examination of all applicants.

"We shall appreciate an opinion from your office on the following questions:

"1. Is the Administrator of the Securities Division authorized under Sections 8 and 9 or any other provisions of the Real Estate Dealers License Act to require that each and every applicant for a dealer's or salesman's license take either an oral or a written examination before receiving a license?

"2. If such Administrator is authorized to require either an oral examination or a written examination, what procedure or administrative setup is permitted to be utilized by the Administrator under the present Real Estate Dealers License Act in instituting such requirement as a prerequisite to obtain a license?"

Article 6573a, Vernon's Annotated Civil Statutes, is a general statute commonly known and cited as "The Real Estate Dealers License Act". For the purposes of this opinion we do not deem it necessary to quote said statute. We have carefully considered the statute, and it is our opinion that the Administrator of the Securities Division is not authorized under Sections 8 and 9 or any other provision of said Act to require any applicant for a dealer's or salesman's license to take either an oral or written examination before receiving a license. In view of our answer to your first question, your second question becomes moot.

Generally speaking, "under the power of the state to determine the competency or capacity of persons engaging in

professions or callings, the state may require examinations to determine the fitness of licensees who seek to engage in professions or callings affecting the public health, safety or welfare. Under this rule, examinations may be made of persons seeking to practice, work, or engage in business as architects; attorneys at law; barbers; certified public accountants; locomotive engineers or other employees of railroads in the actual service of operating trains; pharmacists; physicians and surgeons; pilots; plumbers; school teachers, stationary engineers; and others whose vocations are vitally related to conserving of the public welfare and the public safety. . ." (American Jurisprudence, Vol. 33, P. 373).

It is stated in Corpus Juris, Vol. 37, P. 238:

"In order that a person may be entitled to a license to engage in a particular business or exercise a particular privilege it is usually required by the statute or ordinance that he shall comply with certain prescribed conditions or qualifications, provided, of course, such conditions are reasonable and authorized. Such conditions may consist merely of making a proper application and paying or tendering the prescribed fee. But in addition to this an applicant may be required, inter alia, to disclose the extent and value of his business, and pay, or show that he has paid, all his taxes. Except where the licensing board or officer is vested with discretionary power in granting or refusing licenses, an applicant, upon complying with the conditions imposed, is entitled to a license as a matter of right, and, in some cases, may enforce his right by mandamus. But where other conditions are imposed, he is not entitled to a license as a matter of course by merely paying or tendering the fee or tax required. In the absence of special authority therefor, the licensing board or officials, in passing on applications for licenses, cannot prescribe conditions or requirements in the case of a particular application, in addition to those prescribed by statute or ordinance, with which applicant has already complied.

"An applicant may also be required to comply with reasonable qualifications as to his suitability, experience, skill, and ability to engage in the particular occupation, or business, or exercise the particular privilege, for which he desires a license, and

undergo an examination for this purpose. He may be required to show that he is a person of good moral character, and furnish written recommendations to that effect. In the absence of such a requirement, however, if the applicant has complied with other conditions, he cannot be refused a license because of his character or reputation or previous misconduct.

"An applicant for a license may be required to submit to an examination as to his personal qualifications or fitness to conduct the business or occupation for which the license is desired. Such examination must be conducted in accordance with the rules and regulations prescribed therefor; but such rules and regulations must be reasonable, and not be unreasonable and arbitrary."

If the Legislature had intended that applicants for a dealer's or salesman's license under "The Real Estate Dealers License Act" were required to take an oral or written examination before receiving a license, the Legislature could have said so in plain language; this it has not done, with reference to applicants for a dealer's or a salesman's license under said Act.

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED OCT 10, 1944
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

AW:jep:wb